# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RTC INDUSTRIES, INC.,** an Illinois corporation, | ) ) ) |
| Plaintiff, | ) Civil Action No. 14-cv-6190 ) ) Judge _____ |
| v. | ) ) Magistrate Judge _____ |
| **KODAK ALARIS INC.** a Delaware corporation, and | ) ) JURY DEMAND ) |
| **KODAK ALARIS EIS INC.** a Delaware corporation, | ) ) ) |
| Defendants. | ) |

## COMPLAINT

The Plaintiff, RTC Industries, Inc., (hereinafter "RTC"), for its Complaint against the Defendants, Kodak Alaris Inc. and Kodak Alaris EIS Inc. ("Defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff RTC is an Illinois corporation having its principal place of business at 2800 Golf Road, Rolling Meadows, Illinois 60008. RTC, *inter alia,* makes and sells consumer retail systems. Since its founding in 1951, RTC has consistently advanced the leading edge of retail technology by providing new and innovative solutions to the retail marketplace.

2. On information and belief, Defendant Kodak Alaris Inc. is a Delaware corporation with a principal place of business at 2400 Mount Read Boulevard, Rochester, New York. On information and belief, Defendant Kodak Alaris EIS Inc. is a Delaware corporation with a principal place of business at 2400 Mount Read Boulevard, Rochester, New York. Defendants make, use and sell wireless interactive consumer video systems, including kiosk

systems which Defendants refer to as KODAK Picture Kiosk G4XL Order Station, KODAK Picture Kiosk G4XE, and KODAK Picture Kiosk GS, which are in numerous locations and are depicted at http://www.kodak.com/global/en/business/retailPhoto/products/kiosks/kiosksMain.jhtml. On information and belief, Defendants do business on a regular basis in Illinois and in this District, including making, using, selling and/or offering for sale their wireless interactive consumer video systems in Illinois and this District which infringe RTC's rights under the patent asserted herein.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and particularly 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction over Defendants is proper in this Court.

4. Venue is proper in this District in accordance with 28 U.S.C. §§ 1391(b)-(c) and § 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 5,608,449

5. On March 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,608,449 ("the '449 patent") entitled "Wireless Interactive Consumer Video System." RTC is the owner of the '449 patent, by virtue of assignment of all rights, title and interest to the '449 patent. A true and correct copy of the '449 patent is attached to this Complaint as Exhibit A.

6. Defendants have been and still are infringing and inducing infringement of the '449 patent by making, using, offering to sell, selling, and/or importing wireless interactive consumer video systems, including, but not limited to their KODAK Picture Kiosk G4XL Order Station, KODAK Picture Kiosk G4XE, and KODAK Picture Kiosk GS, and/or engaging in

2

activities related to wireless interactive consumer video systems that are covered by one or more claims of the '449 patent, and/or inducing others to make, use, offer to sell and/or sell such systems and/or engage in such activities.

7. Defendants' acts of infringement have been without express or implied license by RTC, are in violation of RTC's rights, and will continue unless enjoined by this Court.

8. RTC sent letters to Eastman Kodak Company on March 10, 2014 and April 4, 2014, offering to provide Eastman Kodak Company a license to the '449 patent.

9. Eastman Kodak Company did not take a license at that time and instead, on April 9, 2014, counsel for Eastman Kodak Company responded to RTC advising that Eastman Kodak Company "spun-off its Personalized Imaging business, which included picture kiosks." Defendants assumed control of the picture kiosks business of Eastman Kodak Company on September 3, 2013, based on publicly available information.

10. Defendants have not taken a license to the '449 patent.

11. RTC has been and will continue to be irreparably harmed by Defendants' infringement of the '449 patent.

## JURY DEMAND

12. RTC demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff RTC respectfully prays that:

A. Pursuant to 35 U.S.C. §271, this Court enter judgment that Defendants have been and are currently infringing the '449 patent;

B. This Court Order that Defendants and each of their officers, agents, servants, employees, assigns and successors in interest, those persons in active concert of participation

with them who receive notice of the injunction, and others acting on their behalf, be permanently enjoined from infringing the '449 patent, including through use of the infringing products as well as making, selling or offering for sale the infringing products or engaging in infringing activities;

  C. This Court Order that Defendants notify purchasers and users of the infringing products and activities that the products and activities infringe the '449, and that Defendants recall all infringing products sold or otherwise distributed, and that the Defendants remove the infringing products from all stores where those products have been installed;

  D. Defendants be directed to provide an accounting to determine the damages suffered by RTC as a result of Defendants' infringing conduct, such damages including, but not limited to, RTC's lost profits on sales or offers for sale of the infringing products, and in no event less than a reasonable royalty;

  E. Defendants be directed to pay RTC the amount of damages that RTC has sustained as a result of Defendants' acts of patent infringement;

  F. This be declared an exceptional case under 35 U.S.C. §285, and RTC be awarded its attorneys' fees;

  G. Defendants be directed to pay RTC an award of pre-judgment interest, post-judgment interest, and costs of the suit; and

  H. RTC be granted such other further relief as the Court may deem proper and just.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 12, 2014 | By:  /s/ Victoria R. M. Webb |

        Joseph J. Berghammer
           *jberghammer@bannerwitcoff.com*
        Scott A. Burow
           *sburow@bannerwitcoff.com*
        Victoria R. M. Webb
           *vwebb@bannerwitcoff.com*
        BANNER & WITCOFF, LTD.
        10 South Wacker Drive, Suite 3000
        Chicago, Illinois 60606
        Tel.:   (312) 463-5000
        Fax:   (312) 463-5001

        ***Attorneys for Plaintiff***
        ***RTC Industries, Inc.***